NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE PEOPLES,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>MONTCLAIR STATE UNIVERSITY, et al.<br><br>　　　　　　　Defendants. | Civil Action No.: 15-5511 (CCC)(MF)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Montclair State University ("MSU") and 28 of its employees (collectively, "Defendants") to dismiss the Amended Complaint[1] ("Am. Compl.") of Christine Peoples ("Plaintiff"), who is proceeding *pro se*. (ECF No. 45 ("Mot.")). The Court has considered the submissions made in support of and in opposition to the instant motion. (ECF Nos. 46 ("Opp'n"), 47 ("Reply")). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is **GRANTED**.

## II. BACKGROUND

Plaintiff's Amended Complaint states that "[t]he 28 defendants named in the complaint are employees of [MSU]," and that these Defendants harassed, discriminated against, and ultimately

---

[1] Plaintiff initially filed an amended complaint on October 6, 2016. (ECF No. 30). The following day, Plaintiff filed a corrected version of this amended complaint with a letter thereto requesting that the Court disregard the prior filing. (ECF No. 31). Accordingly, and in light of Plaintiff's *pro se* status, the Court will consider the second filing as the Plaintiff's Amended Complaint.

1

retaliated against Plaintiff in the form of wrongful termination. (Am. Compl. at 1). Plaintiff claims that this harassment continued even following her termination, and that Plaintiff's civil rights were violated. (*Id.*). Plaintiff maintains that, as a result of these alleged actions, she now "suffer[s] from [a] major depressive disorder," and is consequently unable to work. (*Id.*). Plaintiff avers that this has further caused her financial hardship, and that she has recently been diagnosed with breast cancer, in part due to related stress. (*Id.*). Plaintiff therefore seeks compensatory damages in the amount of $420,000 in back wages and for her emotional distress, as well as $2.4 million in punitive damages. (*Id.*). Plaintiff specifically avers that she is not bringing these claims under the Americans with Disabilities Act of 1990 ("ADA"), but rather the New Jersey Law Against Discrimination ("NJLAD"). (*Id.*).

In response, Defendants contend that: "(1) [they] are immune from suit in federal court by virtue of the Eleventh Amendment; (2) plaintiff failed to file a timely charge of discrimination with the EEOC and, therefore, her ADA claims are barred; (3) the Third Circuit does not recognize claims against individuals under Title I of the ADA; and (4) plaintiff's claims under the NJLAD, first asserted on October 7, 2016, are time-barred by the NJLAD's two-year statute of limitations." (Mot. at 1). Therefore, Defendants maintain that they are entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

### III. LEGAL STANDARD

"A motion under Rule 12(c) is decided under the same standards which apply on a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *In re Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 737 (D.N.J. 2016) (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). Consequently, a motion for judgment on the pleadings "will not be granted unless the movant clearly establishes that no material issue of fact remains to

2

be resolved and that he is entitled to a judgment as a matter of law." *See Rosenau v. Uniford Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). The Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

It is, moreover, well settled that a *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. " *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In other words, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Palmer-Carri v. Poland Springs*, No. 13-4376, 2014 WL 3448663, at *2 (D.N.J. July 10, 2014) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. DISCUSSION

Defendant contends that Plaintiff's claims are barred by virtue of the Eleventh Amendment. (Mot. at 5-6). "Under the Eleventh Amendment, a state is immune to suit from its own citizens." *Denkins v. State Operated Sch. Dist. of City of Camden*, No. 16-4223, 2017 WL 5186335, at *2 (3d Cir. Nov. 9, 2017) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "That immunity extends to entities that are not the state itself if the state is the real party in interest in the suit." (*Id.*) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). In other words, the Supreme Court has "read the Amendment to bar not only suits against States themselves, but also suits for damages against 'arms of the State'—entities that, by their very nature, are so

intertwined with the State that any suit against them renders the State the 'real, substantial party in interest.'" *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (quoting *Edelman*, 415 U.S. at 663).

In the recent case *Maliandi v. Montclair State Univ.*, 845 F.3d 77 (3d Cir. 2016), the Third Circuit held that MSU amounted to an "arm of the State," which was entitled to protection under the Eleventh Amendment. (*Id.* at 99). The Third Circuit therefore concluded that, while the plaintiff "may have limited and unsatisfying avenues to obtain relief for the alleged discrimination she suffered" at the hands of MSU, the "constitutional precepts" of "comity and state sovereignty" required that the plaintiff's claims under the NJLAD be dismissed, unless the lower court on remand determined MSU had waived its Eleventh Amendment immunity. (*Id.*).

Here, Plaintiff brings claims of employment discrimination and wrongful termination against MSU. Regardless of whether Plaintiff's claims arise under the ADA or the NJLAD, the Eleventh Amendment therefore bars Plaintiff's claims against MSU. *See Maliandi*, 845 F.3d at 99 (3d Cir. 2016) ("[U]nless the District Court determines on remand that New Jersey has waived its immunity for [plaintiff's] NJLAD claim, the suit against MSU must be dismissed."); *Ali v. N.J. Superior Court Bd. of Bar Examiners*, 494 F. App'x 262, 263-64 (3d Cir. 2012) ("[B]ecause Title I does not abrogate the States' sovereign immunity, the District Court lacked federal subject matter jurisdiction over the ADA claim . . . and dismissal was therefore appropriate."). Plaintiff's Amended Complaint additionally contains no allegations that MSU has waived its Eleventh Amendment immunity. Plaintiff's claims against MSU are therefore dismissed.

As to claims against the 28 unnamed individual Defendants, "[t]he ADA does not create private causes of action against individuals." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 331 (D.N.J. 2016) (citing *Boggi v. Med. Review and Accrediting Council*, 415 Fed. App'x 411, 415

(3d Cir. 2011)); *see also Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."). While parties may, however, seek "*prospective relief* against state officials acting in their *official capacities*," *Koslow*, 302 F.3d at 178 (emphasis added), Plaintiff here seeks purely monetary damages. Plaintiff's Amended Complaint is, moreover, devoid of factual allegations concerning the actions of the unnamed 28 individual Defendants, leaving the Court unable to ascertain if and how the individual Defendants acted in their official capacities. Accordingly, Plaintiffs claims under the ADA must be dismissed as against the individual Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted)).

Having found that Plaintiff's Amended Complaint fails to state a federal claim, the Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims under the NJLAD, to the extent that such are not barred by the Eleventh Amendment. The Court must therefore dismiss Plaintiff's Amended Complaint in its entirety.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. To the extent the pleading deficiencies identified by the Court can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

Date: Jany 30, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**