NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE PEOPLES, | Civil Action No.: 15-5511 (CCC) |
| Plaintiff, | OPINION |
| v. | |
| MONTCLAIR STATE UNIVERSITY, et al., | |
| Defendants. | |

**CECCHI**, District Judge.

This matter comes before the Court by way of Defendants' Motion to Dismiss Plaintiff Christine Peoples' First Amended Complaint (ECF No. 53 ("FAC")) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 54). Plaintiff has submitted Opposition (ECF No. 55), to which Defendants have replied. (ECF Nos. 56-57). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

### I. BACKGROUND[1]

The Court has set forth, at length, the factual and procedural background as it pertains to this action in its Opinion dated January 30, 2018. (ECF No. 49 at 1-3). Accordingly, the Court need not restate, and hereby incorporates, such background herein. Thus, the Court will only set forth the relevant factual and procedural background as it pertains to Defendants and their Motion

---

[1] This background is derived from Plaintiff's FAC, which the Court must accept as true at this stage of the proceedings. See *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

to Dismiss the FAC.

*Pro se* Plaintiff filed the FAC asserting nearly identical claims to those asserted in her Original Complaint. (*Compare* FAC *with* ECF No. 1). The Court gleans from the FAC that Plaintiff was employed by Defendants from 2011 through 2014. (FAC at 1). Plaintiff asserts that Defendants "are cold and calculating [sic] pathological liars and diabolical human beings." (Id.). According to Plaintiff, she was subjected to "harassment, sexual harassment, discrimination, hostile work environment, or workplace bullying." (Id.).

While Plaintiff does not explicitly state so, it seems that she was a bus driver for Defendants. (Id.). To that effect, Plaintiff alleges she discovered an air leak in her bus' brakes and could not drive the vehicle. (Id.). She avers that after her bosses found out about the issue with the brakes her bosses "began to play mind games" with her. (Id.). Plaintiff asked to drive another bus and was allegedly "laughed at." (Id.).

The FAC does not have a clear explanation of the subsequent events, but it appears that, on January 30, 2014, Plaintiff asked to go home because she was being "taunted" and others were playing "mind games" with her. (FAC at 2). According to Plaintiff, she was caused to be afraid. (Id.). Based on the aforementioned events, Plaintiff contacted the Equal Employment Opportunity Commission, as she sought permission "to file a complaint." (Id.).

Plaintiff then goes on to list various alleged incidents wherein she was subjected to "a hellish nightmare." (Id.). For example, she claims that, on February 10, 2014, certain Defendants "taunted" her when she attempted to file her complaint. (FAC at 4). Plaintiff further avers that one Defendant "quoted a Bible Scripture" to her and "made fun of [her] faith." (Id.). Another Defendant allegedly yelled at Plaintiff and slammed on his desk when she was filing her complaint.

2

(Id.). The balance of Plaintiff's FAC contains similar allegations. (FAC at 3-12).

As such, Plaintiff instituted this action seeking to recover damages. (ECF No. 1). The Court dismissed Plaintiff's Complaint and Plaintiff filed the FAC, which is the operative pleading. (*See generally* FAC). Plaintiff does not list any specific causes of action, but the Court gleans that Plaintiff seeks to recover damages under the Americans with Disability Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"). (Id.).

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12 (b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006); *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F. 3d 293, 300 n.4 (3d Cir. 2002). When a defendant facially attacks the Court's jurisdiction under Rule 12 (b)(1), this type of challenge effectively contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F.3d at 300 n.4; *Gould*, 220 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not

3

true as a matter of fact. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness; the court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

B. **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## I. ANALYSIS

Defendants move to dismiss Plaintiff's FAC arguing that this Court lacks subject matter jurisdiction over the dispute. (ECF No. 54-1 ("Def. Mov. Br.") at 5-7). Specifically, Defendants assert that they are entitled to sovereign immunity under the Eleventh Amendment. (Id.). As such, Defendants aver that the Eleventh Amendment bars this action against them. (Id.). The Court agrees.

The Eleventh Amendment to the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State.

U.S. Const. Amend. XI. "The States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Eleventh Amendment immunity extends not only to the State itself, "but also [to] certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). This is so because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

As this Court noted in its January 30, 2018 Opinion, Defendant Montclair State University is an arm of the State of New Jersey. (ECF No. 49 at 4) (quoting *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 99 (3d Cir. 2016)). Plaintiff's FAC continues to assert claims against Defendant Montclair State University. However, as this Court explained, Plaintiff is not entitled

5

to maintain this action against Defendant Montclair State University, regardless of whether her claims are under the ADA or NJLAD, because Defendant Montclair State University is entitled to sovereign immunity. *Maliandi*, 845 F.d at 99. Thus, the Court does not have subject matter jurisdiction over Plaintiff's claims against Defendant Montclair State University and same must be dismissed.

The same conclusion is true for all the individually named Defendants. As this Court previously explained, Plaintiff failed to indicate if she seeks to hold the individual Defendants liable in their official capacity. (*See generally* FAC; *see also* ECF No. 49 at 4-5 ("Plaintiff's Amended Complaint is, moreover, devoid of factual allegations concerning the actions of the unnamed 28 individual Defendants, leaving the Court unable to ascertain if and how the individual Defendants acted in their official capacity.") (citing *Ashcroft*, 556 U.S. at 662)). Plaintiff has not remedied this deficiency as her FAC also fails to make this distinction. (*See generally* FAC). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," *Will*, 491 U.S. at 71, and because this Court once again cannot ascertain if Plaintiff seeks to hold the individual Defendants liable in their official capacity, Plaintiff's claims against them must also be dismissed. *See Ashcroft*, 556 U.S. at 662. Furthermore, as explained by this Court before, the ADA does not permit actions to proceed against a person in his or her individual capacity. *Owens v. Armstrong*, 171 F. Supp. 3d 316, 331 (D.N.J. 2016) (citing *Boggi v. Med. Review and Accrediting Council*, 415 F. App'x 411, 415) (3d Cir. 2011)).

Additionally, the Court dismisses Plaintiff's FAC for a different reason. Specifically, Plaintiff's FAC fails to comport with the above discussed pleading requirements. In other words,

Plaintiff's FAC does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. Rather, it is an unclear narrative of events. Therefore, the Court cannot ascertain what claims Plaintiff is asserting in order to establish what elements are necessary to maintain same. *Connelly v.*, 809 F.3d at 787. Plaintiff does not explicitly state what claims she is actually pursuing, nor does she delineate which claim each of the Defendants are allegedly liable for. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a) (emphasis added). Plaintiff's FAC contains none of these necessary elements. Accordingly, even if this Court had subject matter jurisdiction, which it does not, Plaintiff's FAC would still have to be dismissed as it fails to comply with the above discussed pleading requirements and Rule 8.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion Plaintiffs' FAC is hereby granted. An appropriate Order accompanies this Opinion.

DATED: November 28, 2018

CLAIRE C. CECCHI
United States District Judge